■ In the Matter of the Claim of HENRIETTA SCHAFFER, Respondent, against S. KLEIN ON THE SQUARE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. Claimant, while employed as a seamstress in a clothing store and in the course of a quarrel with her supervisor, was struck in the breast one or more times with a wire dress hanger, causing a contusion. Approximately 12 hours later claimant felt a lump in her breast. She consulted a surgeon who found a carcinoma of the right breast which he removed by radical mastectomy. Twenty-nine months later the same surgeon removed a recurrent tumor mass from the right brachial plexus. The removal of a sensory nerve during the course of the second operation left claimant with residual numbness of the fingers and thumb of her right hand, disabling her from work as a seamstress. The board found that the original accidental injury caused acceleration and aggravation of a pre-existing condition of carcinoma, necessitating the two operations. Awards were made for various periods of disability, the latest upon the basis of reduced earnings. Appellants conceded accident and causal relation with respect to the contusion of the breast but deny that any other condition or disability was related to the accident. The surgeon who performed both operations and who had examined claimant from time to time in the interval between them testified that the trauma of the accidental injury aggravated the pre-existing condition and he related to the accident the disabiliy which followed each episode and operation. Appellants' medical expert denied any aggravation. He did say that, "Trauma might cause an enlargement of a tumor under certain circumstances." The pathologist who attended at the time of the first operation was called by appellants. He said that the tumor found on operation probably took months to develop but that the tumor cells found in the axilla nodes were recent and could have originated subsequent to the accident, 17 days before the pathological examination. This witness had not previously been advised of claimant's accidental injury and when asked, on cross-examination, whether he "would agree that a direct trauma by a metal hanger may precipitate some after effects superimposed upon whatever pre-existing tumor may have been at the site of the trauma", he said, "I would go along with it, and I would further say that I found evidence of trauma in the tumor." The evidence alluded to was of "old and recent hemorrhage into the tumor", as indicated by the pathology report. The factual controversy was within the area of decision committed to the board and the evidence which it chose to credit was of sufficient substance to support the determination. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.